UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEEQUIP, Inc., doing business as
Southeastern Equipment Company,

    Plaintiff,

    VS                          CASE NO. 3:05CV259-RS

ALL AMERICAN GRINDING
EQUIPMENT, LLC,

    Defendant.

**ORDER**

Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 4) following an evidentiary hearing. Plaintiff's Motion for Preliminary Injunction is denied.

### *I. Facts*

Plaintiff sells equipment and parts to the tree care industry and is an authorized dealer for certain designated products of Bandit Industries in Alabama, Georgia, and Florida. Defendant is plaintiff's competitor. The defendant is also an authorized dealer in Alabama, Georgia, and Florida. Plaintiff's and defendant's respective product lines do not overlap in the areas assigned to them in the three states.[1] Bandit designates only one dealer for a particular product line in each territory. However, there is no written dealer agreement between Bandit and defendant. Whether a written dealer agreement exists between Bandit and plaintiff has not been established. Consequently, the record is devoid of evidence of any written agreements which would prohibit

---

[1] For example, defendant is the authorized seller of the Bandit Beast Recycler in Georgia, but plaintiff is the authorized Bandit dealer in Georgia for other product lines such as stump grinders and chippers.

Entered On Docket: _____ By: _____
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to: _____

Document No.

defendant from selling Bandit products outside defendant's assigned territory or which would assure plaintiff the exclusive right to sell Bandit products within its assigned territory.

## II.  Applicable Law

A preliminary injunction shall issue only where the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant (i.e. Seequip) outweighs whatever damage the proposed injunction may cause the opposing party (i.e. AAGE); and (4) if issued, the injunction would not be adverse to the public interest. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is a "drastic" and "extraordinary" remedy, and Seequip has the "burden of persuasion" for all four elements. Café 207, Inc. v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993); Siegel v. LePore, 234 F.3d, 1163, 1176 (11th Cir. 2000).

## III. Discussion

The court finds that plaintiff failed to prove any of the four factors which must be established before a preliminary injunction will be granted.  Plaintiff presented no evidence to prove the third and fourth factors:  that the threatened injury to plaintiff outweighed the damage an injunction might cause defendant and that the injunction would not be adverse to the public interest.  The court finds that the following evidence, or lack of evidence, at the evidentiary hearing confirmed that plaintiff could not prove the first two factors:  substantial likelihood of success on the merits and that irreparable injury would occur unless a its motion for preliminary injunction was granted:

1. There was no evidence of any written agreement, such as a dealer agreement between Bandit and defendant, which would prohibit defendant from advertising and selling Bandit products outside defendant's assigned territory and within the plaintiff's territory.  There was no evidence of any written, enforceable agreement, between plaintiff and Bandit which gave plaintiff the exclusive right to sell Bandit products within its assigned territory.

2

2. Plaintiff's principal admitted that plaintiff has suffered no identifiable injury because of the alleged acts of defendant. The principal was unable to identify any customers or sales lost to defendant.

3. Plaintiff did not offer the customer list at the evidentiary hearing or otherwise establish that the list contained any proprietary information that was being used improperly by defendant.[2]

4. Plaintiff presented the depositions of two of its customers who had received overtures from defendant. However, both customers spurned defendant's solicitation and remain loyal to plaintiff.

5. Plaintiff did not offer its forms, which it contended were being misused by defendant, and did not otherwise identify any proprietary information or distinctive features which might warrant protection of those forms.

6. Plaintiff presented no credible evidence to establish that defendant engaged in improper pricing.

7. Plaintiff presented no evidence of improper commercial bribery. The evidence established that the defendant paid proper commissions or finders fees to a person who referred prospective customers to defendant.

IT IS ORDERED that plaintiff's motion for preliminary injunction is denied.

ORDERED on February 1, 2006.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

---

[2] During the evidentiary hearing, plaintiff's counsel stated that the list was under seal. The court was unable to find a docket entry or other information to substantiate that claim.

3